**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| MARK GAMBRILL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 11-2699-KHV |
| UNIFIED GOVERNMENT OF WYANDOTTE ) | |
| COUNTY/KANSAS CITY, KANSAS, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Mark Gambrill, Jeffrey Gardner, Trung Hoang and Michael Mills bring suit against the Unified Government of Wyandotte County/Kansas City, Kansas and multiple police officers for violation of constitutional and common law rights. This matter comes before the Court on plaintiffs' Motion For Leave To File Under Seal (Doc. #97) filed January 10, 2013. For reasons stated below, the Court overrules the motion.

**Legal Standards**

Federal courts have long recognized a common-law right of access to judicial records. Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011); Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to ensure that courts are fair and judges are honest. Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980); Worford v. City of Topeka, No. 03-2450-JWL-DJW, 2004 WL 316073, at *1 (D. Kan. Feb. 17, 2004). The public's right of access, however, is not absolute. Helm, 656 F.3d at 1292. The Court therefore has discretion to seal documents if competing interests outweigh the public's right of access. Id.; United States

v. Hickey, 767 F.2d 705, 708 (10th Cir. 1985). In exercising its discretion, the Court weighs the public's interests, which it presumes are paramount, against those advanced by the parties. Helm, 656 F.3d at 1292; Dobbins, 616 F.2d at 461. The party seeking to overcome the presumption of public access to the documents bears the burden of showing that some significant interest outweighs the presumption. Helm, 656 F.3d at 1292; Mann, 477 F.3d at 1149. The Court should seal documents based only on articulable facts known to the Court, and not based on unsupported hypothesis or conjecture. Worford, 2004 WL 316073, at *1 (citing Stapp v. Overnite Transp. Co., No. 96-2320-GTV, 1998 WL 229538, at *1 (D. Kan. April 10, 1998)).

**Analysis**

Plaintiffs seek leave to file under seal a proposed surreply to defendants' reply in support of their motion to consolidate four cases for purposes of trial and to bifurcate the trial as to liability and damages.[1] Plaintiffs state that they make the request because their proposed surreply and exhibits thereto contain "information that has been designated as confidential pursuant to Protective Order including information pertaining to their mental health treatment." Motion For Leave To File Under Seal (Doc. #97) at 1. Plaintiffs provide no explanation as to why disclosure of the information might be harmful to the parties. On this record, plaintiffs have not come close to meeting the heavy burden to articulate a real and substantial interest which justifies depriving the public access to records which inform the Court's decision-making process. See Helm, 656 F.3d at 1292; see also Memorandum And Order (Doc. #279) filed June 28, 2013 in Case No. 11-2621 (overruling

---

[1] Defendants filed their reply on January 3, 2014. See Doc. #94. On January 10, 2014, plaintiffs filed a motion to strike the reply or, in the alternative, for leave to file a surreply. Pursuant to D. Kan. Rule 15.1, a party seeking leave to file a document must attach the proposed document to its motion. Here, plaintiffs seek to file the attachment under seal.

plaintiff's motion for leave to file under seal motion for partial summary judgment).

Moreover, plaintiffs have not shown that redaction would not sufficiently protect any information which is legitimately confidential. Pursuant to the District of Kansas Administrative Procedure for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means, plaintiffs may redact personal data as follows:

> To address the privacy concerns created by Internet access to court documents, litigants shall modify or partially redact the following personal data identifiers appearing in documents filed with the court:
> 1. Social Security numbers: Use only the last four numbers; and
> 2. Minors' names: Use the minors' initials;
> 3. Dates of birth: Use only the year; and
> 4. Financial account numbers: Identify the name or type of account and the financial institution where maintained, but use only the last four numbers of the account number.
>
> In addition, parties may modify or partially redact other confidential information as permitted by the court (e.g., driver's license numbers, medical records, employment history, individual financial information, and proprietary or trade secret information).

District of Kansas Administrative Procedure for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases, § II., I.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion For Leave To File Under Seal (Doc. #97) filed January 10, 2013 be and hereby is **OVERRULED.**

Dated this 16th day of January, 2014 at Kansas City, Kansas.

                                            s/ Kathryn H. Vratil
                                            Kathryn H. Vratil
                                            United States District Judge